**TACOMA ELECTRIC SUPPLY INC., Plaintiff—Appellant,**

v.

**ATLANTIC MUTUAL INSURANCE CO., Defendant—Appellee.**

No. 01–35218.

D.C. No. CV–00–05213–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2002.

Decided June 25, 2002.

Before BRUNETTI, TROTT, and McKEOWN, Circuit Judges.

## MEMORANDUM*

### OVERVIEW

Tacoma Electric Supply, Inc. ("Tacoma") appeals the district court's grant of summary judgment in favor of its property insurer, Atlantic Mutual Insurance Co. ("Atlantic"). Tacoma argues that the earth movement exclusion Atlantic relied on to deny coverage for damage to Tacoma's building is ambiguous because a reasonable reading of the exclusion covers only earth movement with observable ground surface manifestations. Tacoma contends that because there was no observable effect on the ground surface, summary judgment should have been granted in its favor and Atlantic must pay its damage claim. In the alternative, Tacoma argues that a genuine issue of material fact exists as to whether earth movement or bearing failure caused the damage. Because we agree that a genuine issue of material fact exists, we reverse the district court's grant of summary judgment and remand for further proceedings.

### DISCUSSION

#### A. Standard of Review

We review a grant of summary judgment de novo. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). We must determine, viewing the evidence in the light most favorable to Tacoma, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.*

#### B. The Policy's "Earth Movement" Exclusion Is Unambiguous

An insurance contract must be given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 964 P.2d 1173, 1177 (Wash. 1998) (quotations omitted). We interpret a policy's terms in accordance with the policy's definitions; undefined terms are given their "plain, ordinary, and popular" meanings. *Id.* at 1178 (quotations omitted). If the language is unambiguous, we must enforce the contract as written. A clause is ambiguous when it is "fairly susceptible to two different, reasonable interpretations." *Id.* If the language is ambiguous and extrinsic evidence of the parties' intent does not resolve the ambiguity, we must resolve the conflict in the insured's favor. *Id.*

■ Here, the district court properly determined that the earth movement exclusion is unambiguous. The only reasonable interpretation of earth movement includes movement in addition to what is observable on the surface of the ground; it includes the movement of the earth, soil and ground without limitation. Were we to distinguish between movement with and without surface manifestations, we would be creating ambiguity where none exists. As the district court correctly noted, "to add [Tacoma's] distinction between earth and soil into the contract by interpretation, the court would be engaging in the revision expressly forbidden by the Washington State Supreme Court."

#### C. A Genuine Issue of Material Fact Exists Whether Tacoma's Loss Was Caused by Earth Movement or Bearing Failure

■ Tacoma argues that even if the earth movement exclusion is unambiguous, summary judgment was inappropriate be-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cause there is a question of fact whether the damage was caused by bearing failure or earth movement. We agree. Tacoma's expert, Paul Weber ("Weber"), opined that the property damage was caused by bearing failure rather than earth movement. Weber distinguished bearing failure from earth movement, noting that bearing failure is occasioned by a failed foundation. "[T]he foundation is the agent, and the soil 'follows' the applied load." At the same time, Atlantic's expert, David Cotton, concluded that the property damage was caused by earth movement. Thus, there is a dispute between the experts as to the cause of the property damage, and we cannot affirm the district court's grant of summary judgment in Atlantic's favor. Instead, the finder of fact must determine whether the property damage was caused by earth movement or bearing failure.

Although Atlantic argues that Weber's altered characterization of the damage should be dismissed based on credibility and motive arguments, this appeal is from summary judgment and we must view all the evidence in the light most favorable to Tacoma. Credibility determinations are questions for the finder of fact.

REVERSED AND REMANDED. Each party shall bear its own costs.